**KIRSCH GARTENBERG HOWARD, LLP**
Local Counsel for THE JACOB D. FUCHSBERG LAW FIRM, LLP
2 University Plaza # 400
Hackensack, NJ 07601
(201) 488-4644
thoward@kghlaw.com

**THE JACOB D. FUCHSBERG LAW FIRM, LLP**
Attorneys for Plaintiff CORAL PAIGE a/k/a CORAL P. DORF
500 Fifth Avenue, 45th Floor
New York, New York 10110
(212) 869-3500
b.zimmerman@fuchsberg.com

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CORAL PAIGE a/k/a CORAL P. DORF,<br><br>                                     Plaintiff,<br>   -against-<br><br>RAFFAELE CORBISIERO, M.D., BHAVIN M. PATEL, D.O., REBECCA A. ARMBRUSTER, D.O., RANIA ABOUJAOUDE, M.D.,  CAROL MANTONI, R.N., ELIZABETH WILKINS, R.N., AMY PALMER, R.N., BONNI MACQUEEN, MSN, APN-C, DONNA MENGEL, R.N., ROXANA FRANCO, R.N. a/k/a ROXANA SANTIAGO-FRANCO, R.N., DIANE ROSE, R.N., DEBORAH HEART AND LUNG CENTER,<br><br>                                     Defendants. | DOCKET NO.:<br>1:14-cv-03214-RBK-JS<br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff CORAL PAIGE a/k/a CORAL P. DORF, by her attorneys, complaining of the defendants RAFFAELE CORBISIERO, M.D., BHAVIN M. PATEL, D.O., REBECCA A. ARMBRUSTER, D.O., RANIA ABOUJAOUDE, M.D., CAROL MANTONI, R.N., ELIZABETH WILKINS, R.N., AMY PALMER, R.N., BONNI MACQUEEN, MSN, APN-C, DONNA MENGEL, R.N., ROXANA FRANCO, R.N. A/K/A ROXANA SANTIAGO-

FRANCO, R.N., DIANE ROSE, R.N., and DEBORAH HEART AND LUNG CENTER, states and alleges the following, upon information and belief:

## JURISDICTION

1.      The jurisdiction of this Court is premised upon the diversity of citizenship among the parties, as Plaintiff is a citizen of the State of New York and as the Defendants are either citizens of the State of New Jersey or citizens of the Commonwealth of Pennsylvania, with their principal and actual places of business and/or domiciles in New Jersey and/or the Commonwealth of Pennsylvania.

2.      The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

## VENUE

3.      The venue of this action is premised upon the fact that the transactions and occurrences that form the basis of the Plaintiff's Complaint took place in the municipality of Browns Mills, Burlington County, New Jersey.

## PARTIES

4.      At all times relevant times, the plaintiff CORAL PAIGE a/k/a CORAL P. DORF ("CORAL PAIGE") was domiciled at 61 Fort Salonga Road, Fort Salonga, New York 11768 in the County of Suffolk as a citizen of the State of New York.

5.      At all times mentioned herein, defendant RAFFAELE CORBISIERO, M.D. ("CORBISIERO"), was and is a citizen of the State of New Jersey, domiciled at 6 Wolcott Court, New Jersey 07728, in Monmouth County.

6.      At all times mentioned herein, defendant BHAVIN M. PATEL, D.O. ("PATEL"), was and is a citizen of the State of New Jersey and/or the Commonwealth of Pennsylvania,

domiciled at 66 Normandy Road, Marlton, New Jersey 08053 and/or 3948 Conshohocken Avenue, Philadelphia, PA 19131.

7.  At all times mentioned herein, defendant REBECCA A. ARMBRUSTER, D.O. ("ARMBRUSTER"), was and is a citizen of the Commonwealth of Pennsylvania, domiciled at 1200 William Penn Drive, Bensalem, PA 19020.

8.  At all times mentioned herein, defendant RANIA ABOUJAOUDE, M.D. ("ABOUJAOUDE"), was and is a citizen of the State of New Jersey domiciled at 16 Sycamore Lane, Moorestown, New Jersey 08057.

9.  At all times mentioned herein, defendant CAROL MANTONI, R.N., ("MANTONI"), was and is a citizen of the State of New Jersey domiciled at 13 Shamrock Road, Lumberton, New Jersey 08048.

10. At all times mentioned herein, defendant ELIZABETH WILKINS, R.N., ("WILKINS"), was and is a citizen of the State of New Jersey domiciled at 69 Falmouth Road, Yardville, New Jersey 08620 and/or 43 Bunting Bridge Road, Cookstown, New Jersey 08511.

11. At all times mentioned herein, defendant AMY PALMER, R.N., ("PALMER"), was and is a citizen of the State of New Jersey domiciled at 4 Third Street, Pemberton, New Jersey 08068 and/or 414 Lewistown Road, Juliustown, New Jersey 08042.

12. At all times mentioned herein, defendant BONNI MACQUEEN, MSN, APN-C ("MACQUEEN"), was and is a citizen of the State of New Jersey domiciled at 650 Tabernacle Road, Medford, NJ 08055 and/or 714 Eldridge Avenue, Oaklyn, New Jersey.

13. At all times mentioned herein, defendant DONNA MENGEL, R.N., ("MENGEL"), was and is a citizen of the State of New Jersey domiciled at 10 West Raymond Avenue, Medford, New Jersey 08055 in Burlington County.

14. At all times mentioned herein, defendant ROXANA FRANCO, R.N. A/K/A ROXANA SANTIAGO-FRANCO, R.N., ("FRANCO"), was and is a citizen of the State of New Jersey domiciled at 2 Split Rail Court, Hainesport, New Jersey 08036.

15. At all times mentioned herein, defendant DIANE ROSE, R.N. ("ROSE"), was and is a citizen of the State of New Jersey domiciled at 410 Provence Drive, Cherry Hill, New Jersey 08003 in Camden County.

16. At all times mentioned herein, defendant DEBORAH HEART AND LUNG CENTER was and is a citizen of the State of New Jersey, having its principal and sole place of business at 200 Trenton Road, Browns Mills, New Jersey 08015.

## ALLEGATIONS COMMON TO ALL COUNTS

17. At all times mentioned herein, defendant CORBISIERO, PATEL and ARMBRUSTER were physicians duly licensed to practice medicine and practicing medicine in the State of New Jersey, who were Board Certified in Cardiology and in Internal Medicine and who held themselves out to the general public as being competent in the diagnosis, care and treatment of patients, and as being able to treat patients in general, including plaintiff CORAL PAIGE in particular, in accordance with standards of accepted cardiology and internal medicine care and treatment.

18. At all times mentioned herein, defendant ABOUJAOUDE was a physician duly licensed to practice medicine and practicing medicine in the State of New Jersey, who was Board Certified in Internal Medicine and in Infectious Diseases, who held herself out to the general public as being competent in the diagnosis, care and treatment of patients, and as being able to treat patients in general, including plaintiff CORAL PAIGE in particular, in accordance with standards of accepted infectious diseases and internal medicine care and treatment.

19. At all times mentioned herein, defendants CORBISIERO, PATEL, ARMBRUSTER and ABOUJAOUDE practiced medicine and rendered medical services, care, and treatment at Deborah Heart and Lung Center, located at 200 Trenton Road, Browns Mills, New Jersey 08015, and at its clinics, medical offices, operating rooms, patient rooms, and treatment locations, and at other locations as employees, agents, independent contractors, residents, fellows and/or attendings of defendant DEBORAH HEART AND LUNG CENTER.

20. At all times mentioned herein, defendants MANTONI, WILKINS, PALMER, MACQUEEN, MENGEL, FRANCO, and ROSE were registered nurses duly licensed to practice and practicing nursing in the State of New Jersey who held themselves out to the general public as being competent in the care and treatment of patients, and as being able to treat patients in general, including plaintiff CORAL PAIGE in particular, in accordance with standards of accepted nursing care and treatment.

21. At all times mentioned herein, defendant DEBORAH HEART AND LUNG CENTER was a corporation with business activities and operations, including a health care center and hospital, organized under and existing by virtue of the laws of the State of New Jersey, through the operation, control or maintenance of a healthcare facility, medical facility, health center, medical office, clinic, and hospital known as Deborah Heart and Lung Center, located at 200 Trenton Road, Browns Mills, New Jersey 08015, where patients, including plaintiff CORAL PAIGE, could receive care and treatment, and be examined and treated for various ailments or medical conditions, including, but not limited to, cardiac conditions.

22. At all pertinent times, each of the defendants stood in such a relationship with each other defendants in their care and treatment of plaintiff CORAL PAIGE, so as to make each defendant liable for the acts and/or omissions of each other defendant.

## AS AND FOR THE FIRST COUNT OF
## NEGLIGENCE AND MEDICAL
## MALPRACTICE

23.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 222 inclusive with the same force and effect as though fully stated and set forth at length herein.

24.     Plaintiff CORAL PAIGE was a patient of each of defendants CORBISIERO, PATEL, ARMBRUSTER, ABOUJAOUDE, MANTONI, WILKINS, PALMER, MACQUEEN, MENGEL, FRANCO, and/or ROSE and of defendant DEBORAH HEART AND LUNG CENTER from on or about February 2, 2012, through on or about May 2012 and prior and subsequent thereto, and was under their continuous treatment for medical complaints, testing, examination, and medical care and treatment. with regard to certain signs, symptoms and conditions relating to her physical condition, and was under the care of each of these defendants, in their capacities as physicians or nurses and a hospital charged with the responsibility of caring for patients in accordance with standards of accepted medical and cardiology care and treatment.

25.     From on or about February 2, 2012, through on or about May 2012 and prior and subsequent thereto, each of defendants CORBISIERO, PATEL, ARMBRUSTER, ABOUJAOUDE, MANTONI, WILKINS, PALMER, MACQUEEN, MENGEL, FRANCO, and/or ROSE  and/or their agents, servants, employees, and/or contractors, and DEBORAH HEART AND LUNG CENTER had and undertook a duty to possess and exercise the degree of reasonable care and skill in the care and treatment of plaintiff CORAL PAIGE, which was in accordance with the generally accepted medical standards of care, treatment, and skill utilized by physicians and/or nurses, and other medical personnel in examining, diagnosing, and treating plaintiff CORAL PAIGE, and had and undertook a duty to render medical, cardiology, and

hospital care and treatment in accordance with standards of good and accepted care and treatment and to use reasonable care, diligence and judgment in the exercise of such skill and in the application of such learning, to employ in the treatment of patients in general, and of CORAL PAIGE in particular, approved methods of care and treatment in general use in the community, and to afford to patients in general, and to CORAL PAIGE in particular, due, reasonable and proper skill, diagnosis and treatment, as well as proper medical, cardiology, and hospital care.

26. From on or about February 2, 2012, through on or about May 2012 and prior and subsequent thereto, defendants CORBISIERO, PATEL, ARMBRUSTER, ABOUJAOUDE, MANTONI, WILKINS, PALMER, MACQUEEN, MENGEL, FRANCO, and/or ROSE  and/or their agents, servants, employees, and/or contractors, and defendant DEBORAH HEART AND LUNG CENTER rendered continuous medical, diagnostic, consulting, cardiology, surgical, and other medical care, treatment and services to the plaintiff CORAL PAIGE with regard to certain signs, symptoms and conditions relating to her physical condition,.

27. On or about August 13, 2012, plaintiff CORAL PAIGE discovered there was a foreign object and/or gauze pad left within her.

28. The medical, diagnostic, consulting, cardiology, surgical, nursing, and other medical care and treatment and services provided by defendants CORBISIERO, PATEL, ARMBRUSTER, ABOUJAOUDE, MANTONI, WILKINS, PALMER, MACQUEEN, MENGEL, FRANCO, ROSE, and DEBORAH HEART AND LUNG CENTER, were rendered carelessly, recklessly, unskillfully, negligently, and not in accordance with good and accepted standards of medical and nursing care and treatment in the community.

29. From on or about February 2, 2012, through on or about May 2012 and prior and subsequent thereto, each of defendants CORBISIERO, PATEL, ARMBRUSTER,

ABOUJAOUDE, MANTONI, WILKINS, PALMER, MACQUEEN, MENGEL, FRANCO, ROSE, and DEBORAH HEART AND LUNG CENTER, and/or their agents, servants, employees, and/or contractors, and through those they supervised, directed, and ordered, were negligent, breached their duty, negligently and carelessly failed to exercise the degree of care and skill required of them, departed from accepted standards of care and treatment, and committed medical malpractice in the care and treatment of plaintiff CORAL PAIGE in numerous ways, including, They, among other things: failed to timely provide appropriate medical, surgical, and cardiology care and treatment to plaintiff CORAL PAIGE; negligently left a foreign object within CORAL PAIGE; negligently left a piece of gauze in CORAL PAIGE; failed to timely and properly perform, conduct, recommend, and order a count of instruments, equipment, surgical items, gauze pads, and other items during CORAL PAIGE's surgeries to ensure that no foreign objects, including, but not limited to, gauze pads were left behind in CORAL PAIGE; negligently caused and allowed CORAL PAIGE to develop infections; negligently caused and allowed CORAL PAIGE to develop infections as a result of a foreign objects; failed to timely and properly diagnose, discover, and recognize the foreign objects in CORAL PAIGE; failed to timely and properly take into account, act on, remove, and treat the foreign objects in CORAL PAIGE; failed to timely and properly discover, diagnose, recognize, take into account, act on, remove, and treat the foreign objects in CORAL PAIGE prior to completing CORAL PAIGE's surgeries and sending her to the PACU, SICU, and/or recovery room; failed to timely and properly perform, conduct, recommend, and order proper surgical counts of instruments, equipment, surgical items, gauze pads, and other items used during CORAL PAIGE's surgeries; failed to timely and properly order, perform, conduct, recommend, and/or refer CORAL PAIGE for appropriate imaging tests; failed to timely and properly order, perform, conduct, recommend,

8

and/or refer appropriate MRIs, CAT Scans, X-rays, ultrasounds, sonograms, echocardiograms, and/or other appropriate diagnostic and imaging tests; failed to timely and properly use, take into account, and act on the results of CORAL PAIGE's MRIs, CAT Scans, X-rays, ultrasounds, sonograms, echocardiograms, and other imaging and diagnostic tests; failed to timely and properly order, perform, conduct, recommend, obtain, and/or refer appropriate consultations; failed to timely and properly order, perform, conduct, recommend, obtain, and/or refer appropriate consultations from qualified surgeons, cardiothoracic surgeons, infectious disease doctors, cardiologists, plastic surgeons, and/or other experts and specialists; failed to timely and properly order, perform, conduct, prescribe, recommend, and/or refer appropriate antibiotics; failed to timely and properly order, perform, conduct, prescribe, recommend, and/or refer appropriate medications; failed to timely and properly debride CORAL PAIGE's scar tissue; failed to timely and properly diagnose, discover, and recognize CORAL PAIGE's infections; failed to timely and properly take into account, act on, and treat CORAL PAIGE's infections; failed to timely and properly recognize, diagnose, take into account, act on, repair, remediate, and treat CORAL PAIGE's surgical wounds; failed to timely and properly close CORAL PAIGE's surgical wounds; failed to timely and properly order, perform, conduct, recommend, and/or refer appropriate laboratory tests and diagnostic tests; failed to timely and properly recognize, take into account, and act on CORAL PAIGE's laboratory tests and diagnostic tests; failed to timely and properly order, perform, conduct, recommend, and/or refer appropriate blood tests, CBCs, wounds cultures, and other diagnostic tests; failed to timely and properly recognize, take into account, and act on CORAL PAIGE's blood tests, CBCs, wounds cultures, and other diagnostic tests; failed to timely and properly diagnose, recognize, take into account, treat, and act on the occlusions in CORAL PAIGE heart and blood vessels; failed to timely and properly

perform surgery on CORAL PAIGE; negligently made unnecessary incisions and performed unnecessary and contraindicated procedures; negligently and improperly performed revision surgeries; negligently and improperly performed a pocket revision surgery; negligently and improperly implanted, revised, and re-implanted CORAL PAIGE's pacemakers; negligently and improperly performed pacemaker surgeries on CORAL PAIGE; failed to timely and properly perform, order, recommend, and/or prescribe proper scans to assess CORAL PAIGE's anatomical structure; failed to perform surgeries on CORAL PAIGE within the accepted standards of care; failed to perform the surgeries on CORAL PAIGE carefully and skillfully; failed to properly supervise CORAL PAIGE's surgeries, including failing to properly supervise the nurses, residents, fellows, assistants, and other surgical personnel, including, with regards to checks and counts of equipment, surgical items, instruments, and objects; failed to employ proper surgical techniques; failed to timely and properly observe and monitor CORAL PAIGE during and after the surgical procedures performed on CORAL PAIGE; failed to timely and appropriately follow up on CORAL PAIGE after her surgical procedures were performed; negligently administered improper and inappropriate pre-operative, peri-operative, and post-operative care and treatment; failed to properly supervise the CORAL PAIGE's pre-operative, peri-operative, and post-operative care and treatment; failed to properly and timely observe, perform, order, recommend, and/or prescribe adequate tests to ascertain the CORAL PAIGE's medical condition; failed to timely obtain proper and informed consent for the care and treatment rendered to plaintiff CORAL PAIGE; failed to timely and properly communicate and coordinate with the Plaintiff's medical providers regarding the signs, symptoms, conditions, and complaints of the Plaintiff and with regards to the care and treatment being rendered to the Plaintiff; failed to timely and properly examine, treat, come to the bedside of, and administer care and treatment to

CORAL PAIGE; and in being negligent and careless and deviating from accepted standards of medical care and treatment in their care and treatment of plaintiff CORAL PAIGE in numerous other ways.

30.     By reason of, as a direct result of, and as a proximate cause of the aforesaid negligence and medical malpractice of the defendants, plaintiff CORAL PAIGE was caused to suffer from permanent, severe, disabling, unnecessary, and avoidable injuries and conscious pain and suffering including, but not limited to, the following: multiple surgeries, multiple revision surgeries, infections, wound dehiscence, MRSA and Staph infections, disfigurement, blistering, drainage, pocket revision surgery, fevers, chills, palpitations, need for pacemaker reprogramming, abdominal incision drainage, abscesses, abscesses of the right breast, left breast, chest, and other areas, debridement of wounds, vegetation, plastic surgery, removal of abdominal muscles, PICC lines, central lines, permanent scars, deformities, and disfigurements, right anterior thoracotomy with chest wall debridement, excision of external pacemaker wires, and evacuation of a foreign body, scar tissue, need for removal, re-insertion, and re-installation of pacemaker, numerous surgical wounds, open and unclosing surgical wounds, weakness, declines and deficits in strength, flexibility, endurance, and energy, great pain, agony, injury, pain and suffering, the need for further medical treatment, hospitalization and surgery, medical bills and other pecuniary and financial losses, mental anguish and emotional distress, significant decreases and limitations in activities of daily living, physical functioning, and quality of life, future limitations in ability to perform daily tasks, and numerous other injuries.

31.     The negligence, medical malpractice, and deviations from accepted standards of care and treatment alleged herein is a proximate cause of, direct cause of, and causally related to the injuries, conditions, and damages for which recovery is sought.

32. Plaintiff CORAL PAIGE's injuries and damages were proximately caused solely and wholly by the negligence, medical malpractice, and deviations from accepted standards of care and treatment of the defendants and/or their agents, employees, servants, and/or contractors and were in no way contributed to by plaintiff CORAL PAIGE.

33. By reason of the aforesaid negligence, medical malpractice, and departures from accepted standards of care and treatment of the Defendants, plaintiff CORAL PAIGE was caused and will be required to undergo medical care and treatment for the rest of her life and the costs and expenses of much medical care and treatment.

34. Defendants CORBISIERO, PATEL, ARMBRUSTER, ABOUJAOUDE, MANTONI, WILKINS, PALMER, MACQUEEN, MENGEL, FRANCO, ROSE, and DEBORAH HEART AND LUNG CENTER are jointly and severally liable for all of Plaintiffs' damages.

35. Defendants CORBISIERO, PATEL, ARMBRUSTER, ABOUJAOUDE, MANTONI, WILKINS, PALMER, MACQUEEN, MENGEL, FRANCO, ROSE, and DEBORAH HEART AND LUNG CENTER are jointly and severally liable for all of Plaintiff's damages by reason of the fact that Defendants owed Plaintiff a non-delegable duty of care, that said Defendants are vicariously liable for the negligent acts and omissions of their servants, agents, affiliated physicians, surgeons, nurses, employees, and contractors, and/or that Defendants acted with reckless disregard for the safety of others.

## AS AND FOR THE SECOND COUNT OF
## LACK OF INFORMED CONSENT

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 35 inclusive with the same force and affect as though fully stated and set forth at length herein.

37. Defendants CORBISIERO, PATEL, ARMBRUSTER, ABOUJAOUDE, MANTONI, WILKINS, PALMER, MACQUEEN, MENGEL, FRANCO, ROSE, DEBORAH HEART AND LUNG CENTER, and/or their agents, servants, employees, and contractors failed to inform plaintiff CORAL PAIGE, her family members, and/or her representatives of the risks, hazards, and alternatives to the treatment proposed and rendered, in consequence of which the Defendants failed to obtain informed consent thereto.

38. A reasonably prudent person in the position of Plaintiff would not have undergone the diagnosis, treatment and care rendered herein had they been fully informed.

39. Defendants CORBISIERO, PATEL, ARMBRUSTER, ABOUJAOUDE, MANTONI, WILKINS, PALMER, MACQUEEN, MENGEL, FRANCO, ROSE, DEBORAH HEART AND LUNG CENTER, and/or their agents, servants, employees, and contractors failed to comply with and violated 26 N.J.S. 2H-12.8.

40. The aforesaid lack of informed consent alleged herein is a proximate cause of and causally related to the injuries, conditions, and damages for which recovery is sought.

41. By reason of, as a direct result of, and as a proximate cause of the aforesaid lack of informed consent, plaintiff CORAL PAIGE was caused to suffer from permanent, severe, disabling, unnecessary, and avoidable injuries and conscious pain and suffering including, but not limited to, the following: multiple surgeries, multiple revision surgeries, infections, wound dehiscence, MRSA and Staph infections, disfigurement, blistering, drainage, pocket revision surgery, fevers, chills, palpitations, need for pacemaker reprogramming, abdominal incision drainage, abscesses, abscesses of the right breast, left breast, chest, and other areas, debridement of wounds, vegetation, plastic surgery, removal of abdominal muscles, PICC lines, central lines, permanent scars, deformities, and disfigurements, right anterior thoracotomy with chest wall

debridement, excision of external pacemaker wires, and evacuation of a foreign body, scar tissue, need for removal, re-insertion, and re-installation of pacemaker, numerous surgical wounds, open and unclosing surgical wounds, weakness, declines and deficits in strength, flexibility, endurance, and energy, great pain, agony, injury, pain and suffering, the need for further medical treatment, hospitalization and surgery, medical bills and other pecuniary and financial losses, mental anguish and emotional distress, significant decreases and limitations in activities of daily living, physical functioning, and quality of life, future limitations in ability to perform daily tasks, and numerous other injuries.

42. Defendants CORBISIERO, PATEL, ARMBRUSTER, ABOUJAOUDE, MANTONI, WILKINS, PALMER, MACQUEEN, MENGEL, FRANCO, ROSE, and DEBORAH HEART AND LUNG CENTER are jointly and severally liable for all of Plaintiffs' damages.

43. Defendants CORBISIERO, PATEL, ARMBRUSTER, ABOUJAOUDE, MANTONI, WILKINS, PALMER, MACQUEEN, MENGEL, FRANCO, ROSE, and DEBORAH HEART AND LUNG CENTER are jointly and severally liable for all of Plaintiff's damages by reason of the fact that Defendants each owed Plaintiff a non-delegable duty of care, that Defendants are vicariously liable for the negligent acts and omissions of their servants, agents, affiliated physicians, surgeons, nurses, employees, and contractors, and/or that Defendants acted with reckless disregard for the safety of others.

## AS AND FOR THE THIRD COUNT OF
## NEGLIGENT HIRING/RETENTION

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 43 inclusive with the same force and affect as though fully stated and set forth at length herein.

14

45.     Defendant DEBORAH HEART AND LUNG CENTER, and/or its agents, servants, employees, and/or contractors were negligent in hiring, supervising, granting privileges to, renewing privileges for, and retaining medical personnel who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

46.     Defendants CORBISIERO, PATEL, ARMBRUSTER, ABOUJAOUDE, MANTONI, WILKINS, PALMER, MACQUEEN, MENGEL, ROSE, FRANCO, and/or their agents, servants, employees, and/or contractors were negligent in hiring, supervising, granting privileges to, renewing privileges for, and retaining medical personnel who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

47.     The aforesaid negligent hiring, supervision, and retention alleged herein is a proximate cause of the injuries, conditions, and damages for which recovery is sought.

48.     By reason of, as a directly result of, and as a proximate result of the aforesaid negligent hiring, supervising, granting of privileges, renewing of privileges, and retention, plaintiff CORAL PAIGE was caused to suffer from permanent, severe, disabling, unnecessary, and avoidable injuries and conscious pain and suffering including, but not limited to, the following: multiple surgeries, multiple revision surgeries, infections, wound dehiscence, MRSA and Staph infections, disfigurement, blistering, drainage, pocket revision surgery, fevers, chills, palpitations, need for pacemaker reprogramming, abdominal incision drainage, abscesses, abscesses of the right breast, left breast, chest, and other areas, debridement of wounds, vegetation, plastic surgery, removal of abdominal muscles, PICC lines, central lines, permanent scars, deformities, and disfigurements, right anterior thoracotomy with chest wall debridement,

excision of external pacemaker wires, and evacuation of a foreign body, scar tissue, need for removal, re-insertion, and re-installation of pacemaker, numerous surgical wounds, open and unclosing surgical wounds, weakness, declines and deficits in strength, flexibility, endurance, and energy, great pain, agony, injury, pain and suffering, the need for further medical treatment, hospitalization and surgery, medical bills and other pecuniary and financial losses, mental anguish and emotional distress, significant decreases and limitations in activities of daily living, physical functioning, and quality of life, future limitations in ability to perform daily tasks, and numerous other injuries.

49. Defendants CORBISIERO, PATEL, ARMBRUSTER, ABOUJAOUDE, MANTONI, WILKINS, PALMER, MACQUEEN, MENGEL, FRANCO, ROSE, and DEBORAH HEART AND LUNG CENTER are jointly and severally liable for all of Plaintiffs' damages.

50. Defendants CORBISIERO, PATEL, ARMBRUSTER, ABOUJAOUDE, MANTONI, WILKINS, PALMER, MACQUEEN, MENGEL, FRANCO, ROSE, and DEBORAH HEART AND LUNG CENTER are jointly and severally liable for all of Plaintiff's damages by reason of the fact that Defendants owed Plaintiff a non-delegable duty of care, that Defendants are vicariously liable for the negligent acts and omissions of their servants, agents, affiliated physicians, surgeons, nurses, employees, and contractors, and/or that Defendants acted with reckless disregard for the safety of others.

**WHEREFORE,** plaintiff CORAL PAIGE a/k/a CORAL P. DORF demands judgment against defendants RAFFAELE CORBISIERO, M.D., BHAVIN M. PATEL, D.O., REBECCA A. ARMBRUSTER, D.O., RANIA ABOUJAOUDE, M.D., CAROL MANTONI, R.N., ELIZABETH WILKINS, R.N., AMY PALMER, R.N., BONNI MACQUEEN, MSN, APN-C,

16

DONNA MENGEL, R.N., ROXANA FRANCO, R.N., A/K/A ROXANA SANTIAGO-FRANCO, R.N., DIANE ROSE, R.N., and DEBORAH HEART AND LUNG CENTER, for damages for past and future pain and suffering, emotional distress, special damages, and punitive damages, together with the interest and the costs of this action, and such other relief as is just.

### CERTIFICATION OF NO OTHER ACTION

The undersigned certifies pursuant to R. 4:5-1 The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, that no other action or arbitration proceeding is contemplated, and that no other parties should be joined in the within action.

### JURY DEMAND

Plaintiff demands a trial by jury as to all issues that are so triable.

Dated:  June 10, 2014

    KIRSCH GARTENBERG HOWARD, LLP
    Local Counsel for THE JACOB D. FUCHSBERG LAW FIRM, LLP, Attorneys for Plaintiff Coral Paige

    By  /s Thomas S. Howard
    2 University Plaza # 400
    Hackensack, NJ 07601
    (201) 488-4644
    thoward@kghlaw.com

    THE JACOB FUCHSBERG LAW FIRM, LLP
    Attorneys for Plaintiff Coral Paige

    By /s Bradley S. Zimmerman.
    500 Fifth Ave., 45th Floor
    New York, New York 10110
    Tel.: 212.869.3500
    Fax: 212.398.1532
    b.zimmerman@fuchsberg.com

s:\h\fuchsberg 2900-000\paige complaint.docx