17108

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## VICINAGE OF CAMDEN

| | |
|---|---|
| *Plaintiff*<br>CORAL PAIGE a/k/a CORAL DORF<br><br>vs.<br><br>*Defendant*<br>RAFFAELE CORBISIERO, M.D., BHAVIN M. PATEL, D.O., REBECCA A. ARMBRUSTER, D.O., RANIA ABOUJAOUDE, M.D., CAROL MANTONI, R.N., ELIZABETH WILKINS, R.N., AMY PALMER, R.N., BONNIE MACQUEEN, MSN, APN-C, DONNA MENGEL, R.N., ROXANA FRANCO, R.N., DIANE ROSE, R.N., and DEBORAH HEART AND LUNG CENTER | NO.: 1:14-CV-03214-RBK-JS<br><br>CIVIL ACTION |

### ANSWER OF DEFENDANT, RANIA ABOUJAOUDE, M.D., TO PLAINTIFF'S FIRST AMENDED COMPLAINT WITH SEPARATE DEFENSES AND CROSSCLAIM

Defendant, Rania Aboujaoude, M.D., residing at 16 Sycamore Lane, Moorestown, NJ 08057 by and through her attorney, DAVID P. BRIGHAM, ESQUIRE, hereby answers the Plaintiffs' Complaint.

Defendant, Rania Aboujaoude, M.D., at all times relevant to plaintiff's Complaint, specialized in and was Board Certified in Infectious Disease.

### JURISDICTION

1.  The Answering Defendant is without knowledge from which to form an answer to the allegations hereof and therefore leaves the Plaintiffs to their proofs with respect thereto.

2.  The Answering Defendant is without knowledge from which to form an answer to the allegations hereof and therefore leaves the Plaintiffs to their proofs with respect thereto.

## VENUE

3.   The Answering Defendant is without knowledge from which to form an answer to the allegations hereof and therefore leaves the Plaintiffs to their proofs with respect thereto.

## PARTIES

4.   The Answering Defendant is without knowledge from which to form an answer to the allegations hereof and therefore leaves the Plaintiffs to their proofs with respect thereto.

5.   The allegations contained in this paragraph are not directed to the Answering Defendant and therefore no answer is required.

6.   The allegations contained in this paragraph are not directed to the Answering Defendant and therefore no answer is required.

7.   The allegations contained in this paragraph are not directed to the Answering Defendant and therefore no answer is required.

8.   Admitted.

9.   The allegations contained in this paragraph are not directed to the Answering Defendant and therefore no answer is required.

10.   The allegations contained in this paragraph are not directed to the Answering Defendant and therefore no answer is required.

11.   The allegations contained in this paragraph are not directed to the Answering Defendant and therefore no answer is required.

12.   The allegations contained in this paragraph are not directed to the Answering Defendant and therefore no answer is required.

13. The allegations contained in this paragraph are not directed to the Answering Defendant and therefore no answer is required.

14. The allegations contained in this paragraph are not directed to the Answering Defendant and therefore no answer is required.

15. The allegations contained in this paragraph are not directed to the Answering Defendant and therefore no answer is required.

16. The allegations contained in this paragraph are not directed to the Answering Defendant and therefore no answer is required.

## ALLEGATIONS COMMON TO ALL COUNTS

17. The allegations contained in this paragraph are not directed to the Answering Defendant and therefore no answer is required.

18. It is admitted only that Answering Defendant is a physician practicing in the State of New Jersey and Board Certified in Internal Medicine and Infectious Disease. Answering Defendant further contends at all times material hereto she acted appropriately and within the accepted standards of medical care.

19. Denied as stated.

20. The allegations contained in this paragraph are not directed to the Answering Defendant and therefore no answer is required.

21. The allegations contained in this paragraph are not directed to the Answering Defendant and therefore no answer is required.

22. Denied.

## AS AND FOR THE FIRST COUNT OF
## NEGLIGENCE AND MEDICAL MALPRACTICE

23. Answering Defendant hereby incorporates by reference her answer to each and every allegation of the Plaintiffs' Complaint as fully as if set forth herein in their entirety.

24. Denied as stated.

25. Denied as stated.

26. Denied as stated.

27. The Answering Defendant is without knowledge from which to form an answer to the allegations hereof and therefore leaves the Plaintiffs to their proofs with respect thereto.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## AS AND FOR THE SECOND COUNT OF
## LACK OF INFORMED CONSENT

36. Answering Defendant hereby incorporates by reference her answer to each and every allegation of the Plaintiffs' Complaint as fully as if set forth herein in their entirety.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

### AS AND FOR THE THIRD COUNT OF
### NEGLIGENCE HIRING/RETENTION

44. Answering Defendant hereby incorporates by reference her answer to each and every allegation of the Plaintiffs' Complaint as fully as if set forth herein in their entirety.

45. The allegations contained in this paragraph are not directed to the Answering Defendant and therefore no answer is required.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

### FIRST SEPARATE DEFENSE

To the extent applicable, Answering Defendant was guilty of no negligence which was the proximate cause of the injuries alleged.

### SECOND SEPARATE DEFENSE

To the extent applicable, Answering Defendant performed each and every duty and obligation owed to the Plaintiffs.

### THIRD SEPARATE DEFENSE

To the extent applicable, any injuries allegedly sustained by the Plaintiffs are the result of the negligence and/or contributory negligence of the Plaintiffs.

### FOURTH SEPARATE DEFENSE

To the extent applicable, Plaintiffs are barred from recovery by contributory negligence, which negligence was greater than that of Answering Defendant.

### FIFTH SEPARATE DEFENSE

To the extent applicable, Plaintiffs' claims against the Answering Defendant are eliminated and/or reduced by the applicable provisions of the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-1 et seq.

### SIXTH SEPARATE DEFENSE

To the extent applicable, any injuries allegedly sustained were the result of an unavoidable occurrence which was beyond the control of the Answering Defendant.

### SEVENTH SEPARATE DEFENSE

To the extent applicable, Plaintiffs assumed the risk inherent in the activity engaged in by the Plaintiffs.

### EIGHTH SEPARATE DEFENSE

To the extent applicable, any injuries or damages which Plaintiffs may have sustained were due to the act or acts of a third person or persons over whom Answering Defendant had no control.

### NINTH SEPARATE DEFENSE

To the extent applicable, the proximate cause of the alleged injuries was the existing and pre-existing physical condition of the Plaintiffs.

### TENTH SEPARATE DEFENSE

To the extent applicable, the Plaintiffs' Complaint is barred by the applicable Statute of Limitations.

### ELEVENTH SEPARATE DEFENSE

To the extent applicable, Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

### TWELFTH SEPARATE DEFENSE

To the extent applicable, Plaintiffs' Complaint is barred or limited by lack of personal and/or subject matter jurisdiction.

### THIRTEENTH SEPARATE DEFENSE

To the extent applicable, Paintiffs' claims are barred or limited by entire controversy doctrine.

### FOURTEENTH SEPARATE DEFENSE

To the extent applicable, Plaintiffs' claims are barred or limited as well as subject to all defenses conferred by the provisions of the New Jersey Tort Claims Act.

### FIFTEENTH SEPARATE DEFENSE

To the extent applicable, Plaintiffs' claims against the Answering Defendant are barred or eliminated by the applicable provisions of N.J.S.A. 2A:53A-26 et seq.

### SIXTEENTH SEPARATE DEFENSE

To the extent applicable, Plaintiffs' claims against the Answering Defendant are barred or eliminated by the applicable provisions of N.J.S.A. 2A:53A-40 et seq.

### SEVENTEENTH SEPARATE DEFENSE

To the extent applicable, Answering Defendant was entitled to the protection of any applicable immunity or limitation on recovery under New Jersey Law including but not limited to the provisions of NJSA 2A:53A-7 and 8.

### CROSSCLAIM FOR CONTRIBUTION

Defendant, Rania Aboujaoude, M.D., hereby makes a claim for contribution pursuant to the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53-1 et seq., against ALL the Co-defendants; in the alternative, Answering Defendant contends that in the event that proofs develop in discovery or at trial to establish a basis for liability on the part of any other Defendant, and such Defendant or Defendants enter into a settlement agreement, in whole or in part with Plaintiffs, then Answering Defendant asserts a Claim for credit reducing the amount of any judgment in favor of Plaintiffs against Answering Defendant to reflect the degree of fault to the settling Defendant or Defendants pursuant to Young v. Latta, 123 N.J.584(1991).

### CROSSCLAIM FOR INDEMNIFICATION

Without admitting any liability herein, Defendant, Rania Aboujaoude, M.D., claims complete common law and contractual indemnification from ALL the Co-defendants, on the grounds that their negligence was active, primary and directed, as compared to the negligence, if any, of the Answering Defendant, which was passive, vicarious and indirect.

WHEREFORE, Defendant, Rania Aboujaoude, M.D., demands Judgment against ALL the Co-defendants, for contribution and/or indemnification for any judgment which the Plaintiffs may obtain against the Answering Defendant.

## ANSWER TO CROSSCLAIMS

Answering Defendant denies each and every allegation of any and all crossclaims which may have been or may be asserted against Defendant, Rania Aboujaoude, M.D..

## REQUEST FOR ALLOCATION

If any Co-Defendant settles prior to Trial, Answering Defendant will seek an allocation of the percentage of negligence by the fact finder against the settling defendant(s). We will seek this allocation, whether or not we have formally filed a cross-claim against the settling defendant(s). We will rely upon the examination and cross-examination of Plaintiffs' expert witnesses and any and all other witnesses at the time of Trial, in support of this allocation. You are being apprised of this pursuant to Young v. Latta, 123 N.J. 584 (1991).

## DEMAND FOR JURY TRIAL

A trial by jury of twelve members is hereby demanded on all triable issues.

## DEMAND FOR AFFIDAVIT OF MERIT

TAKE NOTICE, that the Answering Defendant demands Plaintiffs produce an Affidavit of Merit pursuant to N.J.S.A. 2A:53A-26, et seq., within sixty days.

## CERTIFICATION

The undersigned hereby certifies that the within Answer is filed and served within the time period allowed by Local Federal Practice.

**DATED:** **August 26, 2014**       BY: _____
DAVID P. BRIGHAM, ESQUIRE
Attorney for Defendant, Rania Aboujaoude, M.D.

**STAHL & DeLAURENTIS, P.C.**
10 E. CLEMENTS BRIDGE ROAD
RUNNEMEDE, NJ  08078
856-380-9200
FAX 856-939-1354